*E-Filed 3/4/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 12-5631 RS (PR) |
| Plaintiff, | **ORDER REOPENING ACTION;** |
| v. | **ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |
| A. AVALOS, et al., | |
| Defendants. | |

# INTRODUCTION

Plaintiff's motion to reopen the action (Docket No. 32) is GRANTED. The action is REOPENED, and the Clerk is directed to amend the docket accordingly. The judgment (Docket No. 24) and the order of dismissal (Docket No. 23) are VACATED. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court dismisses the complaint with leave to file an amended complaint on or before April 15, 2014.

Plaintiff's motion to proceed *in forma pauperis* (Docket No. 30) is DENIED as moot, his prior application having been granted. The Clerk shall terminate Docket Nos. 30 and 32.

# DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that (1) A. Avalos, a correctional officer at Salinas Valley State Prison, "committed perjury" and "filed a false report"; (2) Divina Druz, a nurse at Salinas Valley, sexually harassed him by asking him to see his penis; (3) in 1984, Los Angeles police officers falsely arrested him; and (4) "a committee" at Salinas Valley filed reports falsely stating that he had raped a woman. The complaint will be dismissed for the following reasons. Claim 1 does not contain sufficient factual information. It does not state with specific details what the instance of alleged perjury was, what the false report contained, or how either of these alleged instances violated plaintiff's rights. Claim 2 also does not state facts sufficient to show that plaintiff's federal constitutional rights were violated, and it is unrelated to the prior claim. Claim 3 relates to incidents that happened outside this Court's jurisdiction. Claim 4 also fails to state facts sufficient to show a violation of plaintiff's

rights, and is it also unrelated to the other claims.

Accordingly, the complaint is DISMISSED with leave to amend. Claims 1, 2, and 4 are not related to each other and are dismissed with leave to amend. In his amended complaint, plaintiff must choose **one** of these claims on which to proceed and supply facts sufficient to state a claim for the violation of his federal constitutional rights. Claim 3 is dismissed **without** leave to amend. Plaintiff may **not** raise this claim in his amended complaint. If he wishes to pursue this claim, he must file it with the state or federal courts where the alleged incident occurred.

The fourth amended complaint must include the caption and civil case number used in this order (12-5631 RS (PR)) and the words FOURTH AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff. **This fourth amended complaint must be filed on or before April 15, 2014.**

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: March 4, 2014

_____
RICHARD SEEBORG
United States District Judge