UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 12-5631 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| A. AVALOS, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983. The Court now reviews the fourth amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) Salinas Valley State Prison correctional officer A. Avalos, in 2012, filed a false disciplinary report against him, thereby violating his due process rights; (2) Salinas Valley State Prison nurse Divina Druz sexually harassed him by asking to see his penis, thereby violating his Eighth Amendment rights; (3) Los Angeles police officers violated his constitutional rights in 1984; (4) Salinas Valley Correctional Officer Vargas refused to mail his legal mail and opened his legal mail; (5) Salinas Valley Correctional Officer Button searched his cell and personal property; and (6) the law library, staffed by Tomlinson, is not providing constitutionally adequate access. Only Claim 4 survives.

Claim 1 is DISMISSED without leave to amend because it is pending in another of plaintiff's actions (*McCowan v. Hedrick*, No. C 13-0407 RS). Claim 2 is DISMISSED without leave to amend because it was dismissed in the prior action just named for failure to state a claim. Claim 3 is DISMISSED without leave to amend because the events occurred in another district. If plaintiff wishes to pursue federal relief on his claims against the Los Angeles Police Department, he must file in the Central District. The Los Angeles Police Department is TERMINATED as a defendant in this action.

Claim 4 is DISMISSED with leave to amend because the allegations do not state a claim for relief. Plaintiff must detail what (and how many) pieces of mail were allegedly

blocked by the correctional officer, whether the mail was eventually sent (or blocked entirely), how the mail qualifies as legal mail, and how many times the actions occurred.

Claims 5 and 6 are DISMISSED without prejudice. These claims involve incidents and defendants different than those in Claim 4. If plaintiff wishes to pursue these claims, he must file each claim in a separate civil rights action. Defendants Button and Tomlinson are TERMINATED as defendants in this action.

Accordingly, the complaint is DISMISSED with leave to amend as to Claim 4 <u>only</u>. **No other claims may be raised.** The amended complaint must include the caption and civil case number used in this order (12-5631 RS (PR)) and the words FIFTH AMENDED COMPLAINT on the first page. **The amended complaint shall be filed on or before November 1, 2014.** Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may *not* incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: September 24, 2014

RICHARD SEEBORG
United States District Judge